UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION  )<br>)<br>)<br>) | Case No. 2:09-md-02009-SHM |
| This Document Relates to:  )<br>) | JUDGE SAMUEL H. MAYS, JR. |
| *In re Helios Closed-End Funds Derivative Litigation*, No. 2:11-cv-02935-SHM-TMP  )<br>)<br>) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
CARTER ANTHONY'S MOTION TO DISMISS**

Plaintiffs Cecil Cannaday and Ronald Godfrey (collectively, "Plaintiffs"), by the undersigned attorneys, respectfully submit this memorandum of law in opposition to Carter Anthony's Motion to Dismiss Amended Verified Derivative Complaint (the "Motion"). For the reasons set forth herein, the Motion should be denied in its entirety.

**I.      INTRODUCTION**

The above-captioned matter is a shareholder derivative action brought on behalf of the nominal defendant Funds,[1] seeking to hold Defendants,[2] the Funds' former investment advisor and certain of the Funds' former officers and directors, accountable for gross breaches of their fiduciary duties owed to the Funds. Specifically, Plaintiffs allege that Defendants, including

---

[1] The term "Funds" refers collectively herein to nominal defendants Helios Advantage Income Fund, Inc., formerly known as RMK Advantage Income Fund, Inc., Helios High Income Fund, Inc., formerly known as RMK High Income Fund, Inc., Helios Multi-Sector High Income Fund, Inc., formerly known as RMK Multi-Sector High Income Fund, Inc., and Helios Strategic Income Fund, Inc., formerly known as RMK Strategic Income Fund, Inc.

[2] The term "Defendants" refers collectively herein to Carter Anthony ("Anthony") and defendants Morgan Asset Management, Inc. ("MAM"), J. Kenneth Alderman, Thomas R. Gamble, James C. Kelsoe, Jr. ("Kelsoe"), Charles D. Maxwell, Brian B. Sullivan, David H. Tannehill, Joseph C. Weller, J. Thompson Weller and Michele F. Wood.

Anthony, breached their fiduciary duties by knowingly: (a) overstating and manipulating the values of the securities in the Funds' portfolios, thereby overstating each Fund's net asset value; (b) violating the Funds' offering materials, including their prospectuses and statements of additional information, which imposed a cap on the percentage of Fund assets that could be concentrated in any one industry, by over-concentrating the Funds' assets in violation of such policies; and (c) violating such offering materials by failing to seek shareholder approval before investing in certain illiquid structured debt instruments.  Plaintiffs further allege that certain of the Defendants, including Anthony, disseminated statements that did not accurately reflect: (i) the true financial condition of the Funds; (ii) an appropriate benchmark index to which the Funds could be compared; (iii) the proper classification of asset-backed securities, which were instead classified as less risky investments such as corporate bonds and preferred stocks; (iv) the Funds' true net asset values; and (v) the extent of the Funds' exposure to such securities and the risks associated therewith.  Finally, Plaintiffs allege that Anthony, as President of the Funds, breached his fiduciary duties by purposely disseminating false certifications under the Sarbanes-Oxley Act.  Plaintiffs further allege that Defendants, including Anthony, negligently harmed the Funds by engaging in the conduct described above.  As a result of this misconduct, the Funds suffered massive losses and paid excessive fees to MAM, the Funds' former investment advisor, of which Anthony served as President and Chief Investment Officer at the same time he was President of the Funds.

In the instant Motion, Anthony contends that the claims in Plaintiffs' Verified Amended Shareholder Derivative Complaint filed on November 15, 2011 (the "Complaint") should be dismissed against him because: (1) his wrongful conduct is outside Maryland's three year statute of limitations; and (2) the allegations averred against him lack the particularity required under

Federal Rule of Civil Procedure 9(b).  Anthony provides absolutely no legal analysis in support of his arguments, which are unpersuasive and contradict established law.  Furthermore, in support of argument that the Funds' claims are time-barred, Anthony attempts to introduce facts outside of the pleadings (without any support therefor), which is improper on a motion to dismiss.  For these reasons, as discussed in further detail below, Anthony's Motion should be denied.[3]

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs hereby incorporate by reference the Statement of Facts and Procedural History set forth in their Opposition to Defendants' Motion, at Section II.

## III. ARGUMENT

### A. Plaintiffs' Claims Against Anthony Are Timely

Anthony's statute of limitations argument is improper for several reasons and also fails as a matter of law.  Under Maryland law, actions for breach of fiduciary duty and negligence must be filed within three years from the date such claims accrue.  *See* Md. Cts. & Jud. Proc. Code Ann. § 5-101 (LEXIS 2011); *Ladzinski v. MEBA Pension Trust*, 951 F. Supp. 570, 574 (D. Md. 1997) (three-year statute of limitations applies to breach of fiduciary duty actions).  But Maryland courts follow the "discovery rule," which provides that a cause of action accrues only when a plaintiff knows or reasonably should know of the wrong.  *See, e.g.*, *Martin Marietta Corp. v. Gould, Inc.*, 70 F.3d 768, 771 (4th Cir. 1995).

---

[3] In addition to his one-and-a-half-page brief, Anthony incorporates by reference the motion to dismiss filed by the other Defendants.  *See* Carter Anthony's Memorandum in Support of Motion to Dismiss Plaintiffs' Verified Amended Shareholder Derivative Complaint ("Anthony Memo") at 1.  Plaintiffs likewise incorporate by reference their memorandum of law in opposition to such Defendants' motion to dismiss ("Opposition to Defendants' Motion"), filed concurrently herewith.

Here, Anthony argues for dismissal of the action because he purportedly "was effectively relieved of his duties with Morgan Asset Management in July of 2006, and separated from the company entirely on December 5 or 6 of 2006," which was more than three years before the filing of the Complaint, and outside the statute of limitations period. *See* Anthony Memo at 1. This argument is improper for several reasons.

First, Anthony's brief fails to cite to any support for its assertions regarding the alleged dates at which he "effectively" and "entirely" left MAM; there are no declarations or any other documents provided with his Motion. Second, even if Anthony had provided any support for his contentions, he is attempting to introduce facts outside of the pleadings, which effectively converts his motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(b)(6) (when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").[4] Indeed, as this Court has stated, "'[b]ecause the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run.'" *Parris v. Regions Bank*, No. 09-2462, 2011 U.S. Dist. LEXIS 92167, at \*13 (W.D. Tenn. Aug. 17, 2011) (Mays, J.) (quoting *Operator Indep. Drivers Ass'n v. Comerica Bank*, 636 F.3d 781, 802 (6th Cir. 2011)). The statute of limitations defense may only be raised on a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint –Anthony is not permitted to introduce his own version of the facts at this juncture. *See, e.g.*, *Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir. 1984) ("Dismissal of a complaint because barred by the applicable statute of limitations is proper… only when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.'") (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d

---

[4] See Plaintiffs' Opposition to Defendants' Motion at Section III. A. for a more detailed discussion of this issue.

1367, 1369 (6th Cir. 1975)); *In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, No. 07-2784, 2010 U.S. Dist. LEXIS 137853, at *19 (W.D. Tenn. Dec. 30, 2010) (Mays, J.) ("Affirmative defenses are best left for adjudication on motions for summary judgment or at trial."). Indeed, Anthony's improper contention that he was "effectively relieved of his duties" in July 2006 is contrary to Plaintiffs' allegations in the Complaint (based on the Funds' public filings) that Anthony signed each Fund's Form N-Q filed with the Securities and Exchange Commission ("SEC") on August 29, 2006, assuring shareholders that, among other things, he had investigated and reviewed the Funds' internal controls, processes and financial statements, and the N-Qs did not contain any untrue statements or omissions. ¶¶168-169.[5] Accordingly, dismissal of the Complaint against Anthony based on his unsupported factual assertions is not appropriate.

Moreover, regardless of when Anthony's positions with MAM and the Funds terminated, the earliest date that Anthony's misconduct could have even begun to come to light was August 2007, when the Funds announced that they were having problems valuing NAVs and had retained an independent consultant to do so. ¶¶216-217. Further, the extent of this misconduct was not fully revealed until April 2010, when the SEC, FINRA and the various state securities regulators completed their investigations and filed their respective actions against certain Defendants. ¶¶218-219. As such, pursuant to the discovery rule, the three-year statute of limitations is measured from, at the earliest, August 2007, not July or December 2006 as Anthony appears to contend. *See Martin Marietta Corp.*, 70 F.3d at 771. Contrary to Anthony's baseless argument, which is unsupported by any citation to the Complaint, there is nothing in the Complaint even to suggest that Plaintiffs were on notice of their claims in 2006. Plaintiffs filed

---

[5] Unless otherwise noted, all references to "¶ __" herein refer to such paragraphs of the Complaint.

their original complaints on March 18, 2010, and thus their claims are timely under Md. Cts. & Jud. Proc. Code Ann. § 5-101.

### B. As Set Forth in Plaintiffs' Opposition to Defendants' Motion, Rule 8(a), Not Rule 9(b), Applies to Plaintiffs' Pleading

Anthony contends that Plaintiffs have failed to state a claim against him. Plaintiffs' response to this argument is set forth at length in their Opposition to Defendants' Motion, at III. C. Anthony cites to absolutely no authority for his one-sentence "argument" that Fed. R. Civ. P. 9(b) applies to Plaintiffs' state law breach of fiduciary duty claims. *See* Anthony Memo at 2. While it is true that claims of fraud are governed by the heightened pleading standards of Rule 9(b), Anthony provides no plausible explanation why the Complaint, or any claims averred therein, sound in fraud. His contention that "Plaintiffs allege that Defendant Anthony breached his fiduciary duties by engaging in fraudulent misconduct," Anthony Memo at 2, is unsupported by any citation to the Complaint and is patently false. Rule 9(b) does not apply, and the Complaint clearly satisfies the Rule 8(a) pleading standard. *See* Opposition to Defendants' Motion at Section III. B. Furthermore, even assuming arguendo that Plaintiffs did need to plead the Funds' breach of fiduciary claims with specificity, Plaintiffs also allege a claim against Anthony for negligence under Maryland tort law which certainly does not need comply with Rule 9(b).

Finally, Anthony's assertion that "Plaintiffs fail to allege any conduct on the part of Mr. Anthony with any specificity," *see* Anthony Memo at 2, is simply not true. The Complaint describes in detail the duties owed to the Funds by Anthony, including duties arising from his status as an officer of the Funds, from his position as the "Principal Executive Officer" and President of the Funds (which subjected him to a code of ethics that applied expressly to principal executive and financial officers), and from MAM's role as the Funds' investment

advisor (as Anthony was the President and Chief Investment Officer of MAM).  ¶¶50-64.  The Complaint further alleges that Anthony and the other officers of the Funds, despite being responsible for the Funds' operations, ensuring that the Funds were in compliance with their governing documents and remaining informed as to the Funds' investment practices, knowingly caused or allowed the Funds to become overinvested in structured debt instruments such as asset-backed and mortgage-backed securities, in violation of their offering materials.  ¶¶128-135.  The Complaint alleges with respect to Anthony specifically that he has openly admitted that he did not know and consciously made no attempt to find out what the Funds were invested in.  ¶134.  This conduct clearly does not comport with his fiduciary obligations to the Funds.

As an officer of the Funds and an employee of MAM, Anthony was also responsible for ensuring that the Funds were valued in accordance with all laws, regulations and governing documents, including a policies and procedures manual that dictated how the Funds' portfolio securities were to be valued.  ¶¶51-62, 93, 98-99, 120.  In contravention of these responsibilities, Anthony and the other officer defendants improperly delayed writing down the value of the Funds' investments and failed to ensure that the financial performance of the Funds was disclosed truthfully, accurately or timely, and Anthony purposely did not question the actions of Kelsoe, the architect of the scheme to manipulate the Funds' values.  ¶¶92, 118-126.

Furthermore, the Complaint alleges that Anthony caused or allowed the Funds to file with the SEC and disseminate to shareholders a combined annual Certified Shareholder Report on Form N-CSR on June 7, 2006 and four separate quarterly schedules of portfolio holdings on Form N-Q on August 29, 2006, all of which violated GAAP and other rules and regulations in that they failed to disclose the extent to which the Funds were invested in risky subprime securities or the risks associated therewith, compared the Funds to an inappropriate benchmark

index that did not contain any such securities, misclassified a number of securities as less risky corporate bonds or preferred stock when they were in fact asset-backed securities, and failed to disclose the true financial conditions of the Funds.  ¶¶136-169.  Finally, the Complaint alleges that Anthony, as President and Principal Executive Officer of the Funds signed certifications in connection with these filings pursuant to Sections 302 and 609 of the Sarbanes-Oxley Act with respect to each Fund, affirming, *inter alia*, that: the reports did not contain any material untrue statements of fact or omissions; the financial statements and schedules of investments contained therein fairly presented in all material respects the financial condition, investments and changes in net assets of the Funds; and assuring that they had investigated and reviewed the Funds' internal controls, processes and financial statements and authorized their inclusion in the Funds' public filings, all of which was false.  ¶¶163-165, 168-169, 255.

As a result of this misconduct, the Funds suffered massive losses, were forced to restate their financial statements, and paid excessive fees to MAM based on inflated net asset values.  ¶¶23, 125-127, 216-224.  Accordingly, Plaintiffs have clearly stated a claim against Anthony, as well as the other Defendants, for breaches of fiduciary duty and negligence in connection with the wrongful conduct alleged in the Complaint.[6]

## IV.  CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiffs' Opposition to Defendants' Motion, Plaintiffs respectfully request that the Court deny Anthony's Motion in its entirety.  However, should the Court grant the Motion, in whole or in part, Plaintiffs respectfully request leave to amend their Complaint.[7]

---

[6] See Plaintiffs Opposition to Defendants' Motion at Section III. C. and E. for further discussion.
[7] Leave to amend shall be freely given.  Fed. R. Civ. P. 15(a)(2).  *See also*, *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) ("Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of

Dated:  February 27, 2012                              Respectfully submitted,

                                                       **BRAMLETT LAW OFFICES**
                                                       **By:**

                                                       /s/ Paul Kent Bramlett
                                                       **PAUL KENT BRAMLETT TN#7387**

Paul Kent Bramlett   TN #7387/MS #4291
Robert Preston Bramlett    TN #25895
**BRAMLETT LAW OFFICES**
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN  37215
Telephone:     (615) 248-2828
Facsimile:     (866) 816-4116
E-mail :       pknashlaw@aol.com
               Robert@BramlettLawOffices.com

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Kristen L. Ross
280 King of Prussia Road
Radnor, PA 19087
Telephone:     (610) 667-7706
Facsimile:     (267) 948-2512
E-mail :       ezagar@ktmc.com
               rwinchester@ktmc.com
               kross@ktmc.com
               rkim@ktmc.com

*Attorneys for Plaintiffs*

---

permitting amendments to ensure the determination of claims on their merits."); *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) ("Rule 15 encourages federal courts to look favorably on requests to amend."). Indeed, this Court has stated that under Rule 15, "a court shall freely give leave to amend a pleading unless 'the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Olson v. Regions Bank*, No. 09-2017, 2010 U.S. Dist. LEXIS 62791, at *6 (W.D. Tenn. June 23, 2010) (Mays, J.) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served a true and exact copy of the above and foregoing:

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CARTER ANTHONY'S MOTION TO DISMISS**

by filing the document on the ECF filing system, which serves the following attorneys:

**Britt King Latham**
BASS BERRY & SIMS PLC
150 Third Avenue South
Ste. 2800
Nashville, TN 37201
615-742-6200
mcurley@bassberry.com

**Michael A. Brady**
BASS BERRY & SIMS PLC- Memphis
The Tower at Peabody Place
100 Peabody Place
Ste. 900
Memphis, TN 38103
901-543-5900
Fax: 901-543-5999
mbrady@bassberry.com

**Michael L. Dagley**
BASS BERRY & SIMS PLC
150 Third Avenue South
Ste. 2800
Nashville, TN 37201
615-742-6200
615-742-2803 (fax)
mdagley@bassberry.com

**Shepherd D. Tate**
BASS BERRY & SIMS PLC- Memphis
The Tower at Peabody Place
100 Peabody Place, Ste. 900
Memphis, TN 38103
901-543-5900
Fax: 901-543-5999
state@bassberry.com

**W. Brantley Phillips, Jr.**
BASS BERRY & SIMS PLC- Nashville
150 3rd Avenue South
Suite 2800
Nashville, TN 37201
615-742-7723
bphillips@bassberry.com

**R. Harold Meeks, Jr.**
PURSLEY LOWERY & MEEKS, LLP
260 Peachtree Street
Suite 2000
Atlanta, GA 30303
404-880-7180
404-880-7199 (fax)
hmeeks@plmllp.com

**Steven Lawrence Polk**
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street N.E.
Suite 2300
Atlanta, GA 30309-3996
404-853-8225
Fax: 404-853-8600
larry.polk@sutherland.com

by email service to the following attorneys:

**Kevin C. Logue**
PAUL HASTINGS JANOFSKY & WALKER, LLP
75 East 55th Street
New York, NY 10022
212-318-6223
212-230-7620 (fax)
kevinlogue@paulhastings.com

   **SO CERTIFIED** this 27th day of February, 2012.


               s/*Paul Kent Bramlett*
               *PAUL KENT BRAMLETT TN#7387*